**Howard MYERS, Appellant,**

v.

**COLUMBUS SALES PAVILLION, INC.,
a Nebraska Corporation, Appellee.**

No. 83–1483.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1983.

Decided Dec. 14, 1983.

Gerald L. Friedrichsen, Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, Omaha, Neb., for appellant.

Robert D. Mullin, Jr., Boland, Mullin & Walsh, Omaha, Neb., for appellee.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Plaintiff appeals from an order granting defendant's motion for summary judgment. This is a diversity action by a cattle seller, Myers, against a cattle auction, Columbus Sales Pavillion, Inc. (CSP) for the proceeds of sale of certain cattle sold at CSP. None of the material facts is in dispute.

The 145 head of cattle in question were sold initially by Myers to Joe Blocher, who

was doing business under the name of H & O Farms. H & O took delivery of the cattle from Myers and thereafter had them transported, along with other cattle owned by H & O, for sale at CSP. All the H & O cattle were sold by CSP at public auction, and CSP remitted to H & O the proceeds of the sale. Thereafter H & O issued a worthless check to Myers in payment for the cattle he had sold to H & O. This lawsuit ensued, with Myers claiming that CSP as agent for H & O is liable for conversion of the proceeds of the auction sale.

It is undisputed that the cattle were checked in and sold at CSP's auction facility in the name of H & O and that CSP was not advised of Myers' claim to an interest in the cattle until after they had been auctioned off and the proceeds of sale remitted by CSP to H & O. It is likewise undisputed that the check issued by H & O to Myers for the cattle in question was neither issued or dishonored, nor did Myers receive notice of dishonor, until after CSP had paid the auction proceeds to H & O. Myers concedes that no special agreement existed between him and H & O concerning passage of title; that once the cattle were picked up from Myers, he did not care where they went or what H & O did with them, but only expected to be paid a week later; and that he never took any action to obtain or perfect a security interest in the cattle.

Myers' position in this case, if sustained, would have the effect of making CSP, an innocent third party, the insurer of the business risk that Myers voluntarily assumed in delivering the cattle to H & O without requiring prior or contemporaneous payment. Article 2 of the Uniform Commercial Code governs this case, and we do not believe that the pertinent provisions of the U.C.C., particularly §§ 2–401, 2–403, 2–507(2), 2–511(3), and 2–703, afford any support for Myers' position. We have carefully studied the record, including the memorandum opinion of the district court by the Honorable Warren K. Urbom, and the briefs and the arguments of the parties to this action. We find no merit to Myers' arguments, and accordingly affirm pursuant to Rule 14 of the rules of this court on the basis of Judge Urbom's opinion. *Myers v. Columbus Sales Pavillion, Inc.,* Civ. No. 82–L–95 (D.Neb. March 7, 1983).

We point out that on the facts of this case the U.C.C. provides fully adequate reasons for the grant of summary judgment in favor of CSP. In short, there was no conversion. Accordingly, that portion of Judge Urbom's opinion which considers the effect of Neb.Rev.Stat. § 69–109.01, which shields auctioneers from liability for conversion, is to be regarded as surplusage, and we express no view thereon.

The judgment of the district court is affirmed.